UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CWPMI, INC., <br><br> Plaintiff, <br><br> v. <br><br> CALEB LAHEY, <br><br> Defendant. | Case No. 2:25-CV-00308-GSL-AZ |

## OPINION AND ORDER

The matter before the Court is Plaintiff's Motion for a Temporary Restraining Order. [DE 2]. The Court heard oral argument from Plaintiff's counsel, on July 15, 2025. [DE 10]. Defendant (individually or by counsel) was not present at the hearing, nor has he responded in writing to Plaintiff's Motion. [*Id.*]. For the reasons below, Plaintiff's Motion is DENIED.

### A. BACKGROUND

Plaintiff College Works Painting ("CWP") purports to offer residential and commercial painting services across the United States. [DE 1, ¶ 1]. In addition, Plaintiff offers an internship program for college students. [*Id.*]. Plaintiff is a California corporation, and primarily operates in Michigan, Indiana, and Illinois. [*Id.* at ¶ 13].

Defendant Lahey is a former employee. [*Id.* at ¶ 2]. He worked for Plaintiff from 2022 until February 2025. [*Id.* at ¶ 3]. He started as an "intern," and he was later promoted to District Manager and Senior District Manager. [*Id.* at ¶ 4].

In June 2025, Defendant began posting about Plaintiff on his LinkedIn and Instagram. [*Id.* at ¶ 8]. All his posts have been critical of Plaintiff's business model and operations. In short, Defendant calls Plaintiff's business a pyramid scheme. His posts encourage Plaintiff's employees

to send him documents and information about Plaintiff, such that Defendant could continue to his online campaign against Plaintiff's business.

In addition, through social media, Defendant allegedly solicited Plaintiff's employees to leave the company and to join Defendant's competing business. [*Id.* at ¶ 11]. Defendant signed a non-solicitation agreement after each of his promotions. [*Id.* at ¶ 4].

Lastly, Plaintiff alleges that Defendant sent CWP's CEO a series of texts, demanding that Plaintiff cede to Defendant part of its business operations. [*Id.* at ¶ 9].

### B. LEGAL STANDARD

An ex parte temporary restraining order ("TRO") is an extraordinary remedy which will not be granted unless the movant clearly shows that such relief is warranted. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Rule 65 Paragraph (b) of the Federal Rules of Civil Procedure governs ex parte temporary restraining orders and states that one may be granted without written or oral notice to the adverse party or his attorney only if

> it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b). On top of this, temporary restraining orders are subject to the same standards as for preliminary injunctions. *Vill. of Orland Park v. Pritzker*, 475 F. Supp. 3d 866, 878 n.4 (N.D. Ill. 2020). To obtain a preliminary injunction, a plaintiff must show that: "(1) without this relief, it will suffer 'irreparable harm'; (2) 'traditional legal remedies would be inadequate'; and (3) it has some likelihood of prevailing on the merits of its claims." *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020).

## C. DISCUSSION

Plaintiff brings four claims against Defendant: Count 1—Tortious Interference with Business Relationships and Unfair Competition Under Common Law; Count 2—Tortious Interference with Contract; Count 3—Breach of Contract (Non-Solicitation Provision); and Count 4—Defamation. [DE 1]. Counts 1, 2, and 3 (not 4) are the basis of Plaintiff's request for a TRO. As described below, Plaintiff has not established a "likelihood of prevailing on the merits" of Counts 1 and 2. *See Illinois Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020) ("[M]ere possibility of success is not enough."). And for Count 3, Plaintiff has not showed the risk of "immediate and irreparable injury," which would warrant injunctive relief at this time. *See Badger Daylighting Corp. v. Rutherford*, No. 24-cv-912, 2024 WL 3318251, at *5 (S.D. Ind. June 3, 2024) (denying a ex parte TRO motion because the plaintiff failed to "clearly show" that it would incur "immediate and irreparable injury"). Therefore, its request for a TRO must be denied.

### 1. *Counts 1 and 2: Tortious Interference with Business Relationships and Contract, and Unfair Competition*

Plaintiff's motion blends together arguments for Counts 1 and 2 as bases for a TRO. [DE 3, page 9–12]. So, the Court will analyze them together.

To prevail on either of these claims, Plaintiff must establish the following elements: 1) the existence of a business relationship or valid and enforceable contract, 2) Defendant's knowledge of the existence of the relationship or contract, 3) Defendant's intentional interference in the relationship or intentional inducement of breach of the contract, 4) the absence of any justification, 5) damages resulting from Defendant's interference or inducement to breach, and 6) illegal or wrongful conduct by Defendant. *Custom Truck One Source, Inc. v. Norris*, No. 22-cv-46, 2022 WL 594142, at *9 (N.D. Ind. Feb. 28, 2022) (denying TRO for

3

similar claims); *Eric Herzog v. Whiting Clean Energy, Inc.*, No. 24-cv-308, 2025 WL 1984283, at *4 (N.D. Ind. July 16, 2025) (granting motion to dismiss on similar claims).

Plaintiff fails to demonstrate that Defendant engaged in "illegal conduct" to interfere with Plaintiff's business relationships or employee contracts. [DE 3, page 10]. Plaintiff's argument for illegal conduct is that 1) Defendant "extorted" CWP's CEO via text messages, 2) Defendant encouraged Plaintiff's employees to breach their duty of loyalty, and 3) Defendant's overall conduct amounted to unfair competition. [DE 3, page 10]. The Court disagrees with each of these points.

First, Defendant's alleged "extortion" is not illegal conduct. In the Complaint, Plaintiff provided a series of text exchanges between Defendant and CWP's CEO. [DE 1, ¶¶ 67, 68, 73, and 80]. At worst, Defendant's messages can be viewed as inflammatory and obnoxious. But the Court is not convinced that those messages carry the gravity and severity to rise to the level of illegal conduct.

Second, Plaintiff has not established that "illegal conduct" includes encouraging employees to breach their duty of loyalty. Even if it does, Plaintiff must put forward evidence to show that Defendant encouraged employees to breach their duty. *Custom Truck One Source*, 2022 WL 594142 at *9 (N.D. Ind. Feb. 28, 2022) (denying TRO because claim for breach of fiduciary duty was based only on conjecture, not evidence). Defendant made a social media post asking Plaintiff's current and former employees to send him an excerpt from Plaintiff's "New Hire Packet." [*Id.* ¶ 57]. But Plaintiff stops there, without characterizing the information as proprietary or otherwise defining the employee's duty of loyalty in this context. Thus, the Court cannot find that Defendant's actions were "illegal conduct."

4

Third, Plaintiff fails to establish that the tort of "unfair competition" qualifies as "illegal conduct." Even if it does, Plaintiff has not demonstrated that Defendant's conduct amounts to as much. To support its claim, Plaintiff cites *CDW LLC v. NETech Corp.*, 722 F. Supp. 2d 1052 (S.D. Ind. 2010) and *Genesys Telecommunications Lab'ys, Inc. v. Morales*, No. 19-cv-695, 2019 WL 5722225 (S.D. Ind. Nov. 5, 2019). [DE 3, pages 12–13]. Both these cases sustained claims of unfair competition, but they involved large-scale employee poaching. This is unlike Defendant's conduct, which was largely constrained to posting on social media. Plaintiff has not offered any evidence that Defendant lured away any of its employees.

### 2. *Count 3—Breach of Contract*

Plaintiff accuses Defendant of breaching its Senior District Manager Employment Agreement—specifically, the non-solicitation provision. [DE 3, pages 14–18]. In relevant part, the provision states:

> You agree that during the term of Your employment with CWP and for a period of two (2) years after the cessation of such employment . . . You will not directly or indirectly, either alone or in concert with others, solicit or entice[] any employee of or consultant to CWP to leave CWP or work for any third party, whether or not such party is in competition with CWP.

[DE 3-2, ¶ 9.1].

Arguing that Defendant breached the non-solicitation provision, Plaintiff offers two pieces of evidence—text messages to two different CWP employees. [DE 1, ¶¶ 85–86]. In the first, Defendant wrote "I hope you're OK. Haven't heard from you in a while. I just wanted to let you know none of this has to be personal, but you've only seen the tip of the iceberg." [*Id.* ¶ 85]. In the second, Defendant wrote "Go like my Instagram post . . . You'll be working with me next year." [*Id.* ¶ 86]. Plaintiff argues that Defendant "solicited" several other employees, but this contention is based upon information and belief only—not evidence.

5

Plaintiff's evidence is problematic because it does not clearly show that Defendant is soliciting employees to leave Plaintiff and join a competing business. Even if it did, the evidence does not show that the risk of irreparable harm is so immediate and irreparable that Defendant should not first be given an opportunity to be heard. *See Badger*, 2024 WL 3318251 at *5 (denying TRO because the plaintiff had not demonstrated an immediate injury, even when the defendant clearly solicited two employees and one customer from the plaintiff).

## **CONCLUSION**

For these reasons, the Court DENIES Plaintiff's Motion for a Temporary Restraining Order. [DE 2].

SO ORDERED.

ENTERED: July 22, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court